**In re the Marriage of Linda Susanne MOORE, Appellant–Petitioner,**

v.

**Brian Arthur MOORE, Appellee–Respondent.**

No. 49A02–9711–CV–798.

Court of Appeals of Indiana.

June 10, 1998.

Bruce D. Brattain, Brown & Nelson, P.C.,
Indianapolis, for Appellant–Petitioner.

Edward E. Brown, Edward E. Brown & Associates, Indianapolis, for Appellee–Respondent.

## OPINION

MATTINGLY, Judge.

Linda Susanne Moore (Wife) appeals from the trial court's Order of Dissolution of her marriage to Brian Arthur Moore (Husband). She raises the following issues:

1) Whether the trial court abused its discretion when it declined to award Wife rehabilitative maintenance;

2) Whether the trial court properly refused to order Husband to pay certain of Wife's post-separation expenses;

3) Whether the trial court improperly excluded Husband's 1996 income tax refund from the marital property;

4) Whether the trial court abused its discretion by awarding Wife only $1,000.00 of the $4,841.00 she incurred in attorney's fees.

We affirm in part and remand in part.

## FACTS AND PROCEDURAL HISTORY

The parties were married in 1982 and separated on or about August 19, 1996. Wife filed her petition for dissolution of marriage on September 10, 1996. On October 28, 1996, the parties submitted to the trial court provisional orders pendente lite, under which they agreed to maintain the status quo regarding their assumption of and responsibility for personal and marital debts. The provisional orders were accompanied by Attachment C. which specifically set forth each party's responsibilities to "maintain the status quo." Supp.R. at 1. Attachment C also stated the determination of responsibility for certain expenses would be reserved for the final settlement hearing.

The trial court entered its Decree of Dissolution of Marriage on June 10, 1997. The court ordered an equal distribution of the marital property to the parties and ordered Husband to pay $1,000.00 of Wife's attorney's fees. Husband was also ordered to pay Wife $350.00 for maintenance on the marital residence as provided for in the provisional orders. The trial court did not address Wife's request for rehabilitative maintenance, the disposition of Husband's 1996 tax refund or the allocation of certain reserved expenses, although evidence was presented on all these issues.

On July 10, 1997, Wife filed a Motion to Correct Error. On July 24, 1997, the trial court summarily denied the Motion after hearing evidence on the Motion.

## DECISION AND DISCUSSION

### I. Rehabilitative Maintenance

Wife contends the trial court abused its discretion by failing to consider all of the statutory factors relevant to her request for rehabilitative maintenance. We disagree. The trial court's decision to award maintenance is reviewed under an abuse of discretion standard. *Pham v. Pham*, 650 N.E.2d 1212, 1214 (Ind.Ct.App.1995). This court will presume that the trial court properly considered the applicable statutory factors in reaching its decision. *Id.* Our task is limited to determining whether there is sufficient evidence to support the trial court's judgment. *Id.*

The factors to be considered by a trial court when rehabilitative maintenance is requested are set forth in Ind.Code § 31-1-11.5-11(e)(3), as follows:

After considering:

(A) the educational level of each spouse at the time of marriage and at the time the action is commenced;

(B) whether an interruption in the education, training, or employment of a spouse who is seeking maintenance occurred during the marriage as a result of homemaking or child care responsibilities, or both;

(C) the earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market; and

(D) the time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment;

a court may find that rehabilitative maintenance for the spouse seeking maintenance is necessary in an amount and for a period of time that the court considers appropriate, but not to exceed three (3) years from the date of the final decree.

This statute is written in the conjunctive, so the trial court should consider each factor in determining whether an award for rehabilitative maintenance is warranted. However, the statute does not require the court to make findings as to all of the enumerated factors. Rather, the statute requires only that the court *consider* the factors before granting or denying a request for maintenance.

■ Generally, upon written request by a party prior to the admission of evidence, a court must make special findings which contain all of the facts necessary for recovery by a party in whose favor conclusions of law are found. *Dahnke v. Dahnke*, 535 N.E.2d 172, 175 (Ind.Ct.App.1989). The purpose of making special findings is to provide a theory of the judgment. *Willett v. Clark*, 542 N.E.2d 1354, 1357 (Ind.Ct.App.1989).

■ In the present case, the parties did not make a request for special findings.[1] Rather, the court entered findings with the judgment *sua sponte*. The trial court's failure to support its judgment with complete findings does not mandate reversal as is required when findings have been requested. *In re Marriage of Snemis*, 575 N.E.2d 650, 652 (Ind.Ct.App.1991).

■ When a trial court enters such special findings *sua sponte*, the special findings control only as to the issues they cover. *In re Marriage of Jackson*, 682 N.E.2d 549, 551 (Ind.Ct.App.1997). As to judgment on issues on which the trial court has not made findings, or on which the findings are inadequate, we treat the judgment as a general one. *Snemis*, 575 N.E.2d at 652. Thus, rather

than being bound by the trial court's findings, or lack of them, we examine the record and affirm the judgment if it can be sustained upon any legal theory the evidence supports. *Id.* In so doing, we neither weigh the evidence nor judge witness credibility, for that is particularly the function of the trial court; instead, we are constrained in this case to look to the evidence of record to determine if the result is against the facts and circumstances before the court. *Euler v. Euler*, 537 N.E.2d 554, 556 (Ind.Ct.App. 1989).

■ The record supports the conclusion that the trial court properly considered the statutory factors in reaching its decision. Testimony at trial showed that Wife had less income than Husband. After the separation, she began operating a home day care business. She had previously operated a day care center during the marriage, but interrupted this business for three years to assume a role as homemaker. However, Wife testified she did not require additional training or education to remain in her chosen field. She also testified that, at the time of the hearing, she was earning a gross income of $425.00 per week from her business and that she had the capacity to earn $600.00 per week, if not more, from that business in the future. Neither party presented testimony regarding their respective educational levels. Given this evidence, we cannot conclude that the trial court abused its discretion in denying Wife's request for rehabilitative maintenance. Evidence in the record is sufficient to support the trial court's determination that Wife was not entitled to rehabilitative maintenance. As such, we affirm this portion of the trial court's judgment.

## II. *Post–Separation Expenses*

Wife alleges the trial court erred when it did not hold Husband responsible for certain post-separation expenses. At trial, she testi-

---

1. A written request for special findings must be filed with the court prior to the admission of the evidence. *J.L.L. v. Madison County Department of Public Welfare*, 628 N.E.2d 1223, 1225 (Ind.Ct. App.1994). In the instant case, the record does not contain a written request from either of the parties prior to the admission of evidence which took place at the June 10, 1996 hearing. Al-

though both parties filed proposed findings of fact and conclusions of law for the court to adopt, these proposed findings were filed and presented to the court after the hearing at which the evidence was introduced. Therefore, we will treat the court's findings as having been made on its own motion.

fied she was forced to borrow $13,209.00 during the period of separation to pay for excess household expenses, and claims entitlement to that amount based on her interpretation of the provisional orders with respect to the assumption of and responsibility for personal and marital debts.[2]

The division of marital property is a matter within the sound discretion of the trial court. *Hodowal v. Hodowal,* 627 N.E.2d 869, 871 (Ind.Ct.App.1994). The trial court is presumed to have followed the law and to have made all proper considerations in making its decision. *Id.* Upon review, we must decide whether the trial court's decision constitutes an abuse of discretion, while considering the evidence most favorable to the trial court's disposition of the property. *Id.* We will reverse the trial court's decision only where the decision is clearly against the logic and effect of the facts and circumstances before the court. *In re Marriage of Coyle,* 671 N.E.2d 938, 941 (Ind.Ct.App.1996).

Generally, the marital estate closes on the date the dissolution petition is filed, so debts incurred by one party after that point are not to be included in the marital estate. *Fuehrer v. Fuehrer,* 651 N.E.2d 1171, 1174 (Ind.Ct.App.1995). Wife suggests the common-law doctrine of necessities supports an imposition of liability upon Husband for Wife's expenses. As our supreme court noted in *Bartrom v. Adjustment Bureau,* 618 N.E.2d 1, 3–8 (Ind.1993), the doctrine of necessities operates as an exception to the general rule that an individual is solely responsible for personal debts by imposing secondary liability upon a financially superior spouse when the other spouse is forced to incur debt for necessary expenses due to a shortfall in that spouse's funds.

The *Bartrom* decision is inapplicable here. We have previously held *Bartrom* does not change the long-standing general rule that, in dissolution actions, the marital estate closes on the date the dissolution petition is filed. *Fuehrer,* 651 N.E.2d at 1174. We find no abuse of discretion in the trial court's decision not to award Wife these post-dissolution expenses.

Wife also claims the trial court erred when it did not order Husband to reimburse her for certain expenses she alleges were included in the provisional orders, including monthly medical expenses in the amount of $75.00 per month, car repair, veterinarian expenses and clothing expenses.[3] Trial testimony was uncontroverted that Husband had not paid the monthly medical expenses for April and May of 1996. The trial court made no findings with respect to car repair, veterinarian expenses and clothing expenses, although testimony was presented as to Wife's payment of these expenses.

The duration of provisional support orders is committed to the sound discretion of the trial court. *DeMoss v. DeMoss,* 453 N.E.2d 1022, 1025 (Ind.Ct.App.1983). However, there is no indication in the record that the trial court in this instance intended anything other than that its provisional orders should terminate upon entry of the final decree. As such, we remand to the trial court so that it may amend its final decree to include an order directing Husband to pay Wife the amount of $150.00 for the medical expenses listed in the provisional orders. We also direct the trial court to determine responsibility for the reserved expenses.

### III. *Tax Refund*

Prior to the filing of the petition for dissolution, Husband and Wife filed joint tax returns. The evidence in the record indicates that after the petition was filed, Husband filed an individual 1996 tax return and received a $5,400.00 federal tax refund. We agree with Wife's claim that the court erred

---

2. Under the orders, Husband agreed to be responsible for the mortgage payment on the house, certain maintenance on the residence, utilities for the residence, car insurance, medical expenses, insurance expenses, and certain loan payments. Wife agreed to be responsible for groceries, orthodontist expenses for her son from the previous marriage, gas for her vehicle, and certain credit card payments.

3. Car repair, veterinary expenses and clothing expenses were "reserved" expenses, responsibility for which was to be determined at the final hearing.

when it failed to dispose of Husband's 1996 tax refund as a marital asset.

■ A trial court is required to dispose of all marital property at divorce. *Schueneman v. Schueneman*, 591 N.E.2d 603, 607 (Ind.Ct. App.1992). The trial court has no authority to exclude or set aside martial property but rather must divide all property. *Hurst v. Hurst*, 676 N.E.2d 413, 415 (Ind.Ct.App. 1997).

In *Nill v. Nill*, 584 N.E.2d 602, 604–06 (Ind.Ct.App.1992), we held that a tax refund from a jointly-filed tax return deposited into a joint checking account was marital property subject to division. The case before us is somewhat different, as Husband filed an individual tax return and deposited it into his own personal account.

In *Gnerlich v. Gnerlich*, 538 N.E.2d 285, 288 (Ind.Ct.App.1989), this court held that disability insurance benefits were a marital asset subject to distribution. The Indiana Supreme Court in *Leisure v. Leisure*, 605 N.E.2d 755, 758 (Ind.1993), interpreted *Gnerlich*, reasoning those benefits were correctly determined to be a marital asset, since the husband used marital assets to purchase the coverage, thus denying the family of the present use of those funds.

■ The case of a federal income tax refund is similar. The money refunded represents return of taxes which were overpaid during the marriage. Had these amounts not been overpaid, Wife would have enjoyed use of at least a portion of these funds during the marriage. Thus, we hold the trial court should have considered the tax refund to be a marital asset. We remand to the trial court for a determination of what portion, if any, of this martial asset should be awarded to Wife.

### IV. *Attorney's Fees*

■ Wife contends that the trial court abused its discretion in failing to order Husband to pay all her attorney's fees. Under Ind.Code § 31–1–11.5–16, the trial court *may* award attorney's fees. However, trial courts enjoy broad discretion in deciding whether to award allowances for attorney's fees. *Selke v. Selke*, 600 N.E.2d 100, 102 (Ind.1992). In declining to award attorney's fees in connec-

tion with a marriage dissolution decree, the trial court is under no obligation to give specific reasons for its determination. *In re Marriage of Pulley*, 652 N.E.2d 528, 532 (Ind.Ct.App.1995). Reversal is proper only where the trial court's failure to award is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ In this case, the trial court ordered Husband to pay $1,000.00 of Wife's attorney's fees. There was also evidence that Husband had paid some portion of Wife's attorney's fees before the final hearing. We find no compelling reason to disturb the trial court's award of only partial attorney's fees and therefore affirm its decision.

### CONCLUSION

We remand to the trial court for a determination regarding the expenses set forth in Issue II and distribution of the tax return as set forth in Issue III. In all other respects, we affirm.

Affirmed.

DARDEN and HOFFMAN, JJ., concur.