**Joyce G. CANNON, Appellant,**

v.

**Gerald W. CANNON, Appellee.**

**No. 49A05–9908–CV–366.**

Court of Appeals of Indiana.

June 14, 2000.

Rehearing Denied Aug. 8, 2000.

Edward Squier Neal, Christ, Hadler & Brothers, Indianapolis, Indiana, Attorney for Appellant.

Dennis V. Panarisi, Anthony M. Campo & Associates, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

Joyce Cannon ("Wife") appeals from the trial court's entry of a decree of dissolution of marriage and subsequent orders denying her request for spousal maintenance from Gerald Cannon ("Husband") in their dissolution of marriage proceeding. We affirm.

### Issues

Wife raises a single issue for our review, which we restate as follows: whether the trial court abused its discretion in denying her request for spousal maintenance pursuant to Indiana Code section 31–15–7–2. In addition, Husband requests that this Court order Wife to pay his appellate attorney fees.

### Facts and Procedural History

Husband and Wife were married in 1969, and moved into a home owned by Wife. Husband was employed as a truck driver and worked thirty-hour shifts three days a week. At Husband's request, Wife quit her job so that she would be home when he was. During the marriage, Wife held numerous garage sales at the parties' residences, netting $3,000 to $5,000 from an average sale, and as much as $12,000 from a single, "exceptional" sale. Also during the marriage, Wife suffered from numerous medical ailments.

In 1994, the parties separated and Wife filed a petition for dissolution of marriage. During the course of the proceedings, Wife sought spousal maintenance as part of the dissolution. Husband was preliminarily ordered to pay Wife $300 per week as maintenance, which he did for approximately four years. After numerous hearings, the trial court entered a decree of dissolution of marriage on February 23, 1999, in which it denied Wife's request for spousal maintenance, finding that:

> although Wife does have ailments, Wife is capable of supporting herself.... [P]ursuant to [Indiana Code section] 31–15–7–2, the Court finds that Wife is not physically nor mentally incapacitated, to the extent that her ability to support herself is materially affected. Further, the Court finds that Wife does not lack sufficient property to provide for her own needs and that Wife has sufficient property, including marital property, to provide for her own needs....

R. 417. However, because several exhibits dealing with Wife's request for spousal maintenance were inadvertently omitted from the trial court's exhibit file, they were not considered in the making of the decision regarding maintenance, and the trial court took that issue under advisement upon Wife's motion to correct the record. Wife also filed a motion to correct errors, which addressed additional alleged errors in the trial court's decree.

The trial court entered an order on Wife's pending motions on June 16, 1999. With respect to the issue of Wife's disability and spousal maintenance, the trial court found, in pertinent part, as follows:

The Court finds that it committed error in its finding ... stating that Wife "is not physically or mentally incapacitated to the extent her ability to support herself is materially affected[.]" The Court, in so finding, did not consider ... Wife's Exhibit # 46.... Therefore, the Court erred in failing to consider all of the evidence before it in reaching its findings. The Court has since reviewed the Exhibit # 46 and does now make the amended findings on the issue of Wife's entitlement to spousal maintenance:

...

2. [T]he Court finds that the evidence as to whether the Wife is disabled to the point that her ability to support herself is materially affected is inconclusive.

...

5. ... The Court finds that it's [sic] order denying [Wife's] request for spousal maintenance is not erroneous under the circumstances.

R. 22–24. Wife now appeals. Additional facts will be provided as necessary.

*Discussion and Decision* [1]

### I. Spousal Maintenance

Indiana Code section 31–15–7–2 provides:

> If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

Ind.Code § 31–15–7–2(1). Wife contends that the trial court erred in failing to

1. We note that Husband argues that Wife has forfeited her right to appeal by originally filing the Record of Proceedings late. However, this issue has already been decided by this court adverse to Husband. When Wife tendered the Record, it was refused as being late. Wife then filed a petition with this court seeking permission to file a belated record. Husband filed a motion to dismiss. This court denied Wife's petition and dismissed the appeal. Wife then filed a petition for rehearing alleging an ambiguity in the Appellate Rules

award her maintenance pursuant to this provision.

### A. Standard of Review

The trial court may make an award of spousal maintenance upon the finding that a spouse's self-supporting ability is materially impaired. *Fuehrer v. Fuehrer,* 651 N.E.2d 1171, 1174 (Ind.Ct. App.1995), *trans. denied.* The trial court's power to make an award of maintenance is wholly within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances of the case. *Id.* The presumption that the trial court correctly applied the law in making an award of spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal. *Id.*

### B. Evidence of Incapacitation

In determining whether a trial court has abused its discretion in a spousal maintenance determination, this court will presume that the trial court properly considered the applicable statutory factors in reaching its decision. *Moore v. Moore,* 695 N.E.2d 1004, 1007 (Ind.Ct.App.1998). Our task is limited to determining whether there is sufficient evidence to support the trial court's judgment. *Id.*

The factors to be considered by a trial court when spousal maintenance is requested are set forth in Indiana Code section 31–15–7–2, as follows:

After considering:

which led to the filing of the Record on what Wife believed to be the ninetieth day. The petition for rehearing was granted by order giving Wife thirty days from the date of the order to file the Record, which she did. We cannot now re-determine the same issue already determined by this court in Wife's favor, and we will therefore address this case on its merits. We will address this in slightly more detail in the discussion of Husband's request for attorney fees.

(A) the educational level of each spouse at the time of marriage and at the time the action is commenced;

(B) whether an interruption in the education, training, or employment of a spouse who is seeking maintenance occurred during the marriage as a result of homemaking or child care responsibilities, or both;

(C) the earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market; and

(D) the time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment;

a court may find that rehabilitative maintenance for the spouse seeking maintenance is necessary in an amount and for a period of time that the court considers appropriate, but not to exceed three (3) years from the date of the final decree.

Ind.Code § 31–15–7–2(3). This statute is written in the conjunctive, so the trial court should consider each factor in determining whether an award of spousal maintenance is warranted. However, the statute does not require the court to make findings as to all of the enumerated factors. Rather, the statute requires only that the court consider the factors before granting or denying a request for maintenance. *See Moore*, 695 N.E.2d at 1008.

■ The evidence submitted to the trial court regarding Wife's incapacitation consisted primarily of letters from two doctors, Wife's own physician and a physician who conducted an independent medical examination of Wife. Wife's physician, Dr. Marlene Aldo–Benson, submitted a letter which stated that Wife "is physically incapacitated by her vasculitic condition to the extent that her ability to support herself is materially affected." R. 527. Dr. John Hague, a doctor hired by Husband to conduct a medical examination of Wife, acknowledged that Dr. Aldo–Benson had diagnosed vasculitis, but did not believe that such a condition had been adequately documented in her medical records. However, based upon Wife's other medical conditions, including Raynaud's phenomenon, fibromyalgia and depression, Dr. Hague stated that he believed that Wife was unable to perform full time work, although he expected the magnitude of her impairment to be much less once her depression was controlled. R. 532, 534.

Also, there was limited testimony regarding Wife's medical condition. Wife testified that her health had deteriorated since the doctors' reports referred to above, and that she had most recently been confined to the hospital for a bacterial infection in her lungs which left her partially dependent on oxygen. R. 739. Her daughter also testified to her mother's poor health. R. 963–64. Wife testified that there was "no way" she could work on a full-time basis to support herself. R. 838. However, she also testified that she had not "applied for any jobs. I have put no applications in. I do what I can at home." R. 880. Various witnesses testified to the extensive and profitable garage sales which Wife conducted at her residences during the marriage, from each of which she earned from $3,000 to as much as $12,000. R. 820–23, 866–68, 983–89. That income was not reported on the parties' income tax returns. R. 1111.

The trial court found that "the evidence as to whether the Wife is disabled to the point that her ability to support herself is materially affected is inconclusive." R. 23. Wife argues that the trial court abused its discretion in making this determination. We disagree. The evidence most favorable to the trial court's decision supports the determination that Wife was not so incapacitated by her medical condition as to be unable to support herself; for many years, Wife had generated a substantial income by conducting garage sales at her home, and had continued to do so even after her medical problems began to wor-

sen. The doctors' statements supported only that she would be unable to do *full time* work, not that she was unable to work at all, and Wife herself testified that she had not even tried to find a job that might accommodate her condition.

Moreover, even if the trial court had found that Wife was incapacitated to that extent, it would not have been obligated to award her maintenance. Under the terms of the applicable statute, even if a trial court finds that a spouse's incapacity materially affects her self-supportive ability, a maintenance award is not mandatory. *In re Marriage of Richmond*, 605 N.E.2d 226, 228 (Ind.Ct.App.1992). *See also* Ind. Code § 31–15–7–2 ("*If* the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court *may* find that maintenance for the spouse is necessary during the period of incapacity ....") (emphasis added). In further support of its determination, the trial court cited evidence that Wife had depleted the marital assets while this litigation was pending by installing an exercise room in her home, taking a vacation, and having cosmetic surgery. She had also had the benefit of the use of the marital home on which Husband was paying the mortgage, as well as $300.00 per week in temporary maintenance. Under these circumstances, we cannot say that the trial court abused its discretion in denying Wife's request for spousal maintenance.

## II. Appellate Attorney Fees

Husband contends that he is entitled to appellate attorney fees because of Wife's failure to file the Record of Proceedings in this cause within ninety days pursuant to Appellate Rule 3(B), and has failed in her appellant's brief to "make any cogent argument taking her case outside of this settled rule of law." Brief of Appellee at 11.

### A. Standard of Review

Indiana Appellate Rule 15(G) provides this court with discretionary au-

thority to award damages in favor of the appellee when we affirm the judgment. *See also Montgomery, Zukerman, Davis, Inc. v. Chubb Group of Ins. Cos.*, 698 N.E.2d 1251, 1254 (Ind.Ct.App.1998), *trans. denied.* However, an appellate tribunal must use extreme restraint when exercising its discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal. *Id.* A strong showing is required to justify an award of appellate damages, and the sanction is not imposed "to punish lack of merit unless an appellant's contentions and arguments are utterly devoid of all plausibility." *Summit Account and Computer Serv., Inc. v. RJH of Florida, Inc.*, 690 N.E.2d 723, 729 n. 8 (Ind.Ct.App.1998), *trans. denied* (quoting *Progressive Casualty Ins. Co. v. Morris*, 603 N.E.2d 1380, 1384 (Ind.Ct.App.1992)).

### B. Late Filing of Record Justifying Appellate Attorney Fees

As mentioned briefly in footnote 1 above, there was some issue regarding the timeliness of this appeal. Wife filed her praecipe on July 15, 1999. The Record of Proceedings was tendered to the Clerk of this court on October 14, 1999, and was refused. Wife then filed a petition for permission to file a belated appeal, and Husband filed a motion to dismiss. This court denied Wife's motion and dismissed the appeal. Wife thereafter filed a petition for rehearing, setting forth the procedure by which the date for filing the record was determined and alleging an ambiguity in the Appellate Rules which led to the mistake. Husband filed a brief in opposition to the rehearing request. This court then issued an order which stated, in pertinent part:

1. The Appellant's Verified Petition for Rehearing is granted, this Court now reinstates this appeal and counsel for the Appellant is granted thirty (30) days from the date of this Order within which to resubmit the record of proceedings for this appeal....

Order, No. 49A05–9908–CV–366 (Ind.Ct. App. Dec.20, 1999). The Record was filed on January 14, 2000, within the thirty days allowed by the Order.

Husband has devoted a majority of his appellee's brief to the timeliness issue, first arguing that Wife has forfeited her right to appeal by not filing the Record in a timely manner, and then by asking for appellate attorney fees for defending this appeal. Husband asserts that "[t]his appeal has dealt in large part with the issue of how to count to 90, an issue which is a waste of this Court's time and judicial resources." Brief of Appellee at 12.

■■■ The "law of the case" doctrine mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination in any subsequent appeal involving the same case and relevantly similar facts. *Williams v. State*, 715 N.E.2d 882, 886 (Ind.Ct.App.1999). *See also Cha v. Warnick*, 476 N.E.2d 109, 114 (Ind.1985), *cert. denied*, 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257 (1985). The doctrine's important purpose is to minimize unnecessary relitigation of the legal issues once they have been resolved by an appellate court. *Williams*, 715 N.E.2d at 886. There is, however, a very narrow exception to the "law of the case" doctrine. This exception was explained by our supreme court as follows:

> With due respect for the doctrine of res judicata this Court has always maintained the option of reconsidering earlier cases in order to correct error. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice.'" Finality and fairness are both important goals. When faced with an apparent conflict between them, this Court unhesitatingly chooses the latter.

*State v. Huffman*, 643 N.E.2d 899, 901 (Ind.1994) (citations omitted).

To the extent Husband argues that Wife's method of calculating ninety days was erroneous, we agree; however, we do not believe we can disregard this court's Order granting Wife the benefit of an alleged ambiguity in the Appellate Rules leading to the error. Thus, not only have we considered this case on its merits rather than holding that Wife's right to appeal was forfeited, as Husband contends, but we refuse to grant Husband appellate attorney fees for the same reason: Wife proceeded according to a valid Order of this court which was issued after due consideration of the timeliness issue. Husband's request is denied.

*Conclusion*

The trial court did not abuse its discretion in denying Wife's request for an award of spousal maintenance as part of the dissolution of her marriage to Husband. Further, Husband's request for an award of appellate attorney fees from this court is denied. The judgment is affirmed.

Affirmed.

SHARPNACK, C.J., and BAILEY, J., concur.