RILEY, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the trial court’s denial of incapacity maintenance. In essence, the majority relies on two express reasons to uphold the trial court’s denial of incapacity maintenance. These are 1) there is “no statutory requirement [under Ind.Code § 31-15-7-1] that special findings be entered where incapacity maintenance is denied;” and 2) and the trial court’s special finding regarding testimony from Brenda’s vocational expert amounted to a “recitation of evidence” that did not rise to the level of a statutory finding, op. pp. 880 n. 8, 881. While sound enough propositions, the majority has inappropriately applied them here to affirm a result unsupported by the trial court’s special findings.
In its Dissolution Decree and Judgment, the trial court sua sponte entered findings of fact from which it ultimately concluded that Brenda was not entitled to incapacity or rehabilitative maintenance. I.C. § 31-15-7-1 requires the trial court to issue findings in order to award maintenance. Cannon v. Cannon, 758 N.E.2d 524, 526 (Ind.2001). These findings constitute “special findings” under Ind. Trial Rule 52(A)(3). See id. A judgment inconsistent with the special findings is clearly erroneous. See In re Marriage of Jackson, 682 N.E.2d 549, 551 (Ind.Ct.App.1997).
Brenda had the burden of proof on her claim for maintenance. See Matzat v. Matzat, 854 N.E.2d 918, 921 (Ind.Ct.App.2006). As the trial court decided against her, Brenda appeals from a negative judgment. See Wilder-Newland v. Kessinger, 967 N.E.2d 558, 560 (Ind.Ct.App.2012), trans. denied. To prevail, she must show that the evidence points unerringly to a conclusion different from that reached by the trier of fact, or that the judgment is contrary to law. Id. A judgment is contrary to law if it is contrary to the trial court’s special findings. DeHaan v. DeHaan, 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), reh’g denied, trans. denied. The trial court’s judgment here is unsupported by its special findings and is thus contrary to law.
The reluctance of the majority to recognize that the trial court’s judgment is inconsistent with its special findings perhaps arises from the trial court’s statutory discretion to award maintenance. An award of maintenance is wholly within the trial court’s discretion. Clokey v. Bosley Clokey, 956 N.E.2d 714, 718 (Ind.Ct.App.2011), aff'd on reh’g, 957 N.E.2d 1288 (Ind.Ct.App.2011). Even if a trial court finds that a spouse’s incapacity materially affects such spouse’s self-supportive ability, a maintenance award is not mandatory. Bizik v. Bizik, 753 N.E.2d 762, 769 (Ind.Ct.App.2001), trans. denied. However, the trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances of the case. Clokey, 956 N.E.2d at 718.
In determining whether a trial court has abused its discretion in a spousal maintenance determination, this court will presume that the trial court properly considered the applicable statutory factors in reaching its decision. Bizik, 753 N.E.2d at 769. Those factors are 1) the spouse’s physical or mental incapacity; 2) which incapacity materially impairs the spouse’s self-supporting ability. See I.C. § 31-15-7-2(1). The Decree contained the follow *883 ing relevant special findings: 1) Brenda was injured in 1988; 2) that injury was exacerbated by two subsequent automobile accidents; 3) Brenda’s pain includes herniated discs in her back and neck, degenerative disc disease, as well as carpal tunnel syndrome; 4) “[a]s a result of her physical issues, [Brenda] experiences severe pain and cannot sit, stand, walk or look down for long periods of time;” 5) her vocational expert testified that he believed Brenda’s ability to “financially support her[self] is materially impaired;” 6) Brenda’s physical limitations prevented her from working after receiving her accounting degree in 1997; 7) Brenda had received disability payments from General Motors since 1988 “and currently receives $600.00 per month;” and 8) Brenda “has physical limitations and has been out of the workforce since 1988.” (Appellant’s App. pp. 15-16). These special findings establish that Brenda has a physical incapacity and that such incapacity materially impairs her ability to support herself. The special findings therefore authorize an award of incapacity maintenance under I.C. § 31-15-7-2(1).
The majority attempts to downplay the significance of the special findings by characterizing the trial court’s “acknowledgement” of vocational expert testimony as mere recitation of evidence rather than a finding. However, even without this finding, the remaining special findings authorize an award of incapacity maintenance. The majority acknowledges this infirmity by citing the familiar refrain that it might have reached a different conclusion on the same evidence. This misses the point. “The essential inquiry is whether the incapacitated spouse has the ability to support himself or herself.” McCormick v. McCormick, 780 N.E.2d 1220, 1224 (Ind.Ct.App.2003). Although the trial court awarded Brenda a majority of the marital estate and later cited Brenda’s receipt of disability payments in support of its denial of incapacity maintenance, it made no explicit finding on how these relate to her self-supportive ability.
In light of these special findings and without a determination of the effect of such disability payments on Brenda’s ability to support herself, I cannot conclude that the trial court properly exercised its discretion to deny Brenda an award of incapacity maintenance when its special findings would otherwise authorize an award. See Cannon, 758 N.E.2d at 527. Thus, the trial court’s denial of incapacity maintenance under these circumstances was contrary to law and an abuse of discretion. I would therefore remand to the trial court with instructions to determine the propriety of Brenda’s request for incapacity maintenance.