## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 04 2016, 5:57 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Leeman
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Jacob D. Winkler
Katherine J. Noel
Noel Law
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey T. Boring, <br> *Appellant-Respondent,* <br><br> v. <br><br> Lisa K. Boring, <br> *Appellee-Petitioner* | February 4, 2016 <br><br> Court of Appeals Case No. <br> 34A02-1507-DR-875 <br><br> Appeal from the Howard Superior Court 4 <br><br> The Honorable George A. Hopkins, Judge <br><br> Trial Court Cause No. <br> 34D04-1304-DR-278 |

**Bailey, Judge.**

# Case Summary

Appellant-Respondent Jeffrey T. Boring ("Husband") and Appellee-Petitioner Lisa K. Boring ("Wife") were divorced and each filed a post-dissolution motion. Following a hearing at which the parties agreed on a corrected child support amount but disagreed on aspects of the property distribution order,[1] and the dissolution court declined to hear new evidence due to the limitations of the motion to correct error, Husband appeals. We affirm.

# Issues

Husband presents two issues for review:

> I. Whether the dissolution court abused its discretion by including in the marital pot the date-of-petition values of certain bank accounts; and
>
> II. Whether the dissolution court abused its discretion by equally dividing an income tax refund.

---

[1] Husband's motion to correct error raised a single issue, pertaining to child support. At the outset of the consolidated hearing to address the motion to correct error and Wife's motion for proceedings supplemental, the parties advised the dissolution court of their agreement to correct scrivener error as to child support. Husband testified and attempted to challenge the inclusion of certain sums in the property distribution. The dissolution court, observing that the motion to correct error had concerned only child support, declined to re-visit the issue of property distribution.

Nonetheless, Husband is not precluded from challenging the property distribution on appeal. "Under the appellate rules, a party filing a motion to correct error need not raise every issue in the motion that will be raised on appeal." *Chapo v. Jefferson Cnty. Plan Comm'n*, 926 N.E.2d 504, 509 n.3 (Ind. Ct. App. 2010).

# Facts and Procedural History

[3] Husband and Wife were married on July 25, 1992. They had two children, born in 1998 and 2001. On April 2, 2013, Wife filed a petition to dissolve the marriage. For some months after the filing of the petition, the children remained in the marital residence and the parents rotated days in the residence with the children.

[4] The spouses had acquired substantial assets and had relatively little debt. Around the time of the filing of the dissolution petition, they had several bank accounts. Husband took control of the larger accounts and deposited funds into a new account. On at least one of the accounts, both spouses were authorized to write checks and did so. By agreement, they paid off one vehicle and two charge cards.

[5] Pursuant to an agreement of the parties, a provisional order was entered on September 11, 2014. Wife was to have the physical custody of the younger child and Husband and Wife were to alternate the physical custody of their older child. No child support was ordered at that time. Husband agreed to be responsible for the expenses associated with the marital residence. At some point, Husband advanced to Wife $10,000.00.

[6] A final hearing commenced on February 23, 2015. Ultimately, the parties agreed to a division of personal property, retirement funds, and to valuation of

the marital residence at $193,000.00.[2] They testified that marital funds had been used, post-separation, to pay off their debt and that Husband had advanced Wife $10,000.00 for which he should receive a credit. However, they disagreed as to the appropriate valuation of Harris Bank accounts from which payments had been made for attorney fees, residential expenses, and the children's expenses.

[7] Wife requested one-half of an account that had a date-of-petition balance of $45,709.78 and one-half of the remainder of the account used to pay off the debt (purportedly $19,673.38). Husband disagreed with Wife's proposal. He produced check copies and contended that one account had been depleted by family expenses and the other had a balance of $13,671.00. He also asserted that he should have more than one-half of a tax return because he had earned more of the gross taxable income and had increased his withholding after the marital separation.

[8] On March 18, 2015, the dissolution court entered a decree dissolving the parties' marriage, awarding custody of one child to Wife and custody of one child to Husband, ordering Husband to pay child support, and dividing the marital estate. The dissolution court found that an equal distribution of the marital estate was appropriate. Included in the marital pot for equal division were the sums of $19,164.00 (attributable to a Harris Bank account after

---

[2] Wife had initially contended that Husband had procured an artificially low appraisal and that the residence had a value of $241,776.00. (Pet. Ex. 2.)

deduction for payoffs of vehicular and charge card debt) and $45,709.78 (attributable to a Harris Bank savings account existing at the time Wife petitioned for dissolution). Husband was ordered to make an equalization payment to Wife.

[9] Husband filed a motion to correct error, raising an issue with regard to child support. Wife filed proceedings supplemental motions. Husband's child support was adjusted; he was afforded no other relief on motion to correct error. This appeal ensued.

## *Standard of Review*

[10] The division of marital property involves a two-step process. *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004), *trans. denied*. First, the dissolution court must determine what property is to be included in the marital estate, or marital pot. *Id.* Second, the court must divide the marital property under the presumption that an equal split is just and reasonable. *Id.* (citing Ind. Code § 31-15-7-5).

[11] The division of marital assets lies within the sound discretion of the dissolution court, and we reverse only for an abuse of discretion. *Hartley v. Hartley*, 862 N.E.2d 274, 284 (Ind. Ct. App. 2007). A party who challenges the division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our considerations on appeal. *Id.* We do not reweigh the evidence or assess the credibility of the witnesses, but consider

only the evidence most favorable to the dissolution court's disposition of the marital property. *Id.* Finally, we do not substitute our judgment for that of the dissolution court even where the facts might allow for a different conclusion. *Id.*

[12] All marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. I.C. § 31-15-7-4(a); *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). Property acquired by a spouse after the final separation date is excluded from the marital estate. *Thompson*, 811 N.E.2d at 912. The dissolution court is also required to divide the marital debt. *See Moore v. Moore*, 695 N.E.2d 1004, 1010 (Ind. Ct. App. 1998). As for selection of a valuation date, the dissolution court may use any date between the final separation and the date of dissolution. *In re Marriage of Sloss*, 526 N.E.2d 1036, 1038 (Ind. Ct. App. 1988).

## *Inclusion of Savings Account Funds*

[13] Husband contends that the court erred in determining the makeup of the marital pot. Specifically, Husband contends that, although he moved funds of $68,181.30, he and Wife jointly expended almost all that amount – $68,144.18 – during the pendency of the dissolution proceedings. According to Husband, he had control of only $13,671.00 in liquid funds as of the time of the final hearing.

[14] Although the dissolution court credited Husband with a $10,000.00 advance to Wife, and debt payments of $15,346.84 (vehicle), $1,845.38 (charge card), and $1,950.12 (charge card), Husband believes that he is entitled to full credit for all expenditures he itemized. More particularly, he argues that Wife received a "huge windfall" including "double payment" for attorney's fees. (Appellant's Br. at 10.)

[15] Directing our attention to *Quillen v. Quillen*, 659 N.E.2d 566 (Ind. Ct. App. 1995), *adopted in relevant part*, 671 N.E.2d 98, 100 (Ind. 1996), Husband asserts that his voluntary payments made during the pendency of the dissolution proceedings should have been considered in the dissolution court's crafting of a fair and reasonable property distribution. In *Quillen*, the Court observed: "[i]t is permissible for the trial court to credit a spouse for voluntary payments of marital obligations made during the pendency of a dissolution petition." 659 N.E.2d at 575. The wife had paid educational and healthcare expenses "from her separate funds" and the husband was appropriately ordered to reimburse her for a portion of those expenses. *Id.*

[16] Here, Husband did not use his separate funds for the itemized expenditures for which he sought credit. Succinctly, Husband used marital funds to satisfy his parental obligation to support his children, maintain the marital residence he retained, and obviate the need for an attorney's fees award. Husband earns approximately $80,000.00 per year and has the potential for bonuses. Wife earns approximately $40,000.00 per year. Given the disparity of income, it would have been appropriate for Wife to seek an order for the payment of

attorney's fees, payable from Husband's separate funds.[3] Husband's contention that Wife has received a double recovery because some attorney's fees were paid is not supported by applicable law.

[17] We discern no abuse of discretion in the dissolution court's selection of a valuation date. *In re Sloss*, 526 N.E.2d at 1038. Nor did the dissolution court abuse its discretion in the application of credits to the original asset value.

## *2013 Tax Refund*

[18] Husband argues that the tax refund should not have been split equally because it was, in large part, related to his post-separation tax contributions. He testified that he had increased his withholding in anticipation of filing a separate return; however, the parties decided to file a joint return.

[19] In *Nill v. Nill*, 584 N.E.2d 602, 605 (Ind. Ct. App. 1992), a husband made a similar argument, seeking an unequal division of a joint tax refund because he was the sole wage earner and had earned most of the underlying wages post-separation. The *Nill* Court recognized that there had been "a pecuniary advantage to the family as a whole" and that the wife had become jointly and severally liable for payment of any tax owed when she signed the return. *Id.* According to the Court, the husband was "seek[ing] to enjoy the benefits of

---

[3] Pursuant to Indiana Code Section 31-16-11-1, a dissolution court has broad discretion to impose attorney's fees on either parent. *Thompson v. Thompson*, 868 N.E.2d 862, 870 (Ind. Ct. App. 2007). The court may properly consider the respective resources of the parties, their financial earning abilities, and "any other factors that bear on the reasonableness of the award." *Id.*

filing jointly, but disclaim the burdens." *Id.* This Court concluded that the dissolution court had acted properly by including the tax refund in property subject to division. *Id.* at 606.

[20] Here, the refund was produced by joint efforts. Both Husband and Wife earned money and paid taxes; each was liable upon signing the return. As Husband testified, they received a larger return because of the decision to file jointly. We find the reasoning of *Nill* to be sound, and we conclude that Husband has shown no abuse of discretion in the trial court's decision to divide the tax return equally.

# Conclusion

[21] Husband has not established that the dissolution court abused its discretion in the division of marital assets.

[22] Affirmed.

Vaidik, C.J., and Crone, J., concur.