# FOR PUBLICATION



FILED
Dec 14 2012, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA KEENER YEAGER**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DEBORAH M. AGARD**
Law Office of Deborah M. Agard
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF | ) | |
| BRENDA ALEXANDER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 32A05-1108-DR-417 |
| | ) | |
| DONALD ALEXANDER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Robert W. Freese, Judge
Cause No. 32D01-0910-DR-134

**December 14, 2012**

**OPINION – FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Brenda Alexander ("Wife") appeals the denial of her motion to correct error, which challenged the omission of an award of incapacity maintenance in the decree dissolving her marriage to Donald Alexander ("Husband"). She presents the sole issue of whether she is entitled to an award of incapacity maintenance.[1] We affirm.

## Facts and Procedural History

The parties were married on November 2, 1996. Two children were born of the marriage. On October 28, 2009, Wife filed a petition for dissolution of the marriage, which included a request for spousal incapacity or rehabilitative maintenance.

On December 14, 2010 and March 22, 2011, the trial court conducted evidentiary hearings. In support of her request for maintenance, Wife offered testimony that she had been injured in 1987 and had since continuously received disability payments from her former employer. She also offered the testimony of a vocational therapist, who opined that Wife's ability to support herself was materially impaired.[2]

On June 10, 2011, the trial court entered its "Dissolution Decree and Judgment" in which it dissolved the parties' marriage, divided the marital assets, made findings on child custody and support, and ordered Husband to pay $25,000 of Wife's attorney's fees. (App. 12.) The trial court did not award Wife either incapacity or rehabilitative maintenance.

---

[1] Although Wife requested an award of either incapacity or rehabilitative maintenance, she confines her argument on appeal to the propriety of an award of incapacity maintenance.

[2] Wife has herniated discs, degenerative disc disease, and carpal tunnel syndrome.

On July 5, 2011, Wife filed her "Verified Motion for Clarification and/or Motion to Correct Error Pursuant to Trial Rule 59." (App. 23.) Wife asserted that the trial court had made findings that would have supported an award of incapacity or rehabilitative maintenance, but then "did not rule on [Wife's] request." (App. 23.) On July 20, 2011, the trial court issued the following order:

> The Court clarifies Dissolution Decree and Judgment Order as follows:
> 1. The Court considered the findings set forth; The Motion to Clarify as well as other findings, including Wife's disability payments.
> 2. The Court declined to award Wife rehabilitative maintenance or Disability payments from Husband.
> DECIDED.

(App. 26.) This appeal ensued.

**Discussion and Decision**

I. Standard of Review

A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error. Williamson v. Williamson, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005). In the decree challenged by Wife's motion to correct error, the trial court entered findings of fact sua sponte.[3] In Cannon v. Cannon, 758 N.E.2d 524, 526 (Ind. 2001), the Court reviewed findings of fact from which the trial court had concluded that a wife was not entitled to incapacity maintenance and observed that, because Indiana Code section 31-15-7-1 required findings in order to award maintenance, the findings supporting denial would be treated as "special findings" under Indiana Trial Rule

---

[3] Neither party made a written request for findings and conclusions pursuant to Indiana Trial Rule 52(A). Findings are required by statute in order to support an award of incapacity maintenance, but there is no statutory requirement that special findings be entered where incapacity maintenance is denied.

3

52(A)(3).

The reviewing Court will not set aside such findings unless they are clearly erroneous. Id. Due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. Id. The relative weight and credibility of the evidence and witnesses at trial are within the purview of the trial court. Id. at 527.

Where, as here, a party had the burden of proof and appeals from a negative judgment, she must show that the evidence points unerringly to a conclusion different from that reached by the trier of fact, or that the judgment is contrary to law. Wilder-Newland v. Kessinger, 967 N.E.2d 558, 560 (Ind. Ct. App. 2012), trans. denied. "This means that even if we might have taken a different course of action than that which a trial court took, we are bound to review the order, and findings and conclusions for clear error only." Id.

## II. Analysis

In limiting an award of spousal maintenance to three narrow circumstances – incapacity, caregiver, or rehabilitative – our Legislature has evinced "a clear legislative intent to retain fairly strict limits on the power of courts to order maintenance without the consent of the parties." Voight v. Voight, 670 N.E.2d 1271, 1277 (Ind. 1996). "Incapacity maintenance" is addressed by Indiana Code section 31-15-7-2(1), which provides that a dissolution court may find "a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected" and may find "that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court." Such an

4

award is designed to help provide for a spouse's sustenance and support; accordingly, the essential inquiry is whether the incapacitated spouse has the ability to support himself or herself. Matzat v. Matzat, 854 N.E.2d 918, 920 (Ind. Ct. App. 2006).

A claim for incapacity maintenance is to be "evaluated by giving a strict if not literal interpretation to the [statutory] language[.]" Cannon, 758 N.E.2d at 526. That is, a trial court can award incapacity maintenance only if it finds a spouse to be physically or mentally incapacitated to the extent that his or her ability to support himself or herself was materially affected. Id. "And, although the language of the statute appears to give the trial court some discretion not to award maintenance even where it makes such finding, we believe the strict construction principles applicable in this area narrowly limit that discretion as well." Id. Although it reiterated that a maintenance award is not mandatory, the Court observed in dicta:

> Where a trial court finds that a spouse is physically or mentally incapacitated to the extent that the ability of that spouse to support himself or herself is materially affected, the trial court should normally award incapacity maintenance in the absence of extenuating circumstances that directly relate to the criteria for awarding incapacity maintenance.

Id. at 527.

Wife relies upon the foregoing language to support her claim of entitlement to incapacity maintenance. According to Wife, the trial court made special findings of her incapacity as contemplated by the relevant statute and identified no relevant extenuating circumstances, but inexplicably failed to award her incapacity maintenance.

The trial court found that Wife had suffered past injuries, has present medical conditions, receives disability payments, and is college-educated as an accountant. The

5

trial court also acknowledged the testimony of Wife's vocational expert that her ability to financially support herself is materially impaired, but did not adopt that opinion. This recitation of the evidence is not equivalent to entering a requisite statutory finding. See Parks v. Delaware Cnty. Dep't of Child Servs., 862 N.E.2d 1275, 1279 (Ind. Ct. App. 2007) (observing that the trier of fact must adopt the testimony of the witness before the ostensible finding may be considered a finding of fact). Even if we were to construe the Cannon dicta as requiring an award of incapacity maintenance absent extenuating circumstances once the requisite statutory finding is made, here no such finding was made.

Indeed, the trial court clarified upon motion to correct error that an award of incapacity maintenance was not inadvertently omitted from the dissolution decree; the trial court intended to deny the maintenance request. The evidence before the trial court did not point solely to a conclusion opposite that reached. Although there was evidence that Wife had physical limitations and received disability payments, there was also evidence that she was college-educated, that she had recently provided child care for pay, and that her limitations would not entirely preclude sedentary work. We will not reverse a judgment merely because we might have, on the same evidence, reached a different conclusion. Wilder-Newland, 967 N.E.2d at 560. The denial of Wife's request for incapacity maintenance is not clearly erroneous.

Affirmed.

CRONE, J., concurs.

RILEY, J., dissents with separate opinion.

6

**IN THE**
**COURT OF APPEALS OF INDIANA**

IN RE: THE MARRIAGE OF ) 
BRENDA ALEXANDER, )
 )
    Appellant-Petitioner, )
 )
        vs. )    No. 32A05-1108-DR-417
 )
DONALD ALEXANDER, )
 )
    Appellee-Respondent. )

**RILEY, Judge, dissenting**

I respectfully dissent from the majority's decision to affirm the trial court's denial of incapacity maintenance. In essence, the majority relies on two express reasons to uphold the trial court's denial of incapacity maintenance. These are 1) there is "no statutory requirement [under Ind. Code § 31-15-7-1] that special findings be entered where incapacity maintenance is denied;" and 2) and the trial court's special finding regarding testimony from Brenda's vocational expert amounted to a "recitation of evidence" that did not rise to the level of a statutory finding. Slip op. pp. 3 n.3, 6. While

7

sound enough propositions, the majority has inappropriately applied them here to affirm a result unsupported by the trial court's special findings.

In its Dissolution Decree and Judgment, the trial court *sua sponte* entered findings of fact from which it ultimately concluded that Brenda was not entitled to incapacity or rehabilitative maintenance. I.C. § 31-15-7-1 requires the trial court to issue findings in order to award maintenance. *Cannon v. Cannon*, 758 N.E.2d 524, 526 (Ind. 2001). These findings constitute "special findings" under Ind. Trial Rule 52(A)(3). *See id.* A judgment inconsistent with the special findings is clearly erroneous. *See In re Marriage of Jackson*, 682 N.E.2d 549, 551 (Ind. Ct. App. 1997).

Brenda had the burden of proof on her claim for maintenance. *See Matzat v. Matzat*, 854 N.E.2d 918, 921 (Ind. Ct. App. 2006). As the trial court decided against her, Brenda appeals from a negative judgment. *See Wilder-Newland v. Kessinger*, 967 N.E.2d 558, 560 (Ind. Ct. App. 2012), *trans. denied.* To prevail, she must show that the evidence points unerringly to a conclusion different from that reached by the trier of fact, or that the judgment is contrary to law. *Id.* A judgment is contrary to law if it is contrary to the trial court's special findings. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind. Ct. App. 1991), *reh'g denied*, *trans. denied.* The trial court's judgment here is unsupported by its special findings and is thus contrary to law.

The reluctance of the majority to recognize that the trial court's judgment is inconsistent with its special findings perhaps arises from the trial court's statutory discretion to award maintenance. An award of maintenance is wholly within the trial court's discretion. *Clokey v. Bosley Clokey*, 956 N.E.2d 714, 718 (Ind. Ct. App. 2011),

8

*aff'd on reh'g*, 957 N.E.2d 1288 (Ind. Ct. App. 2011). Even if a trial court finds that a spouse's incapacity materially affects such spouse's self-supportive ability, a maintenance award is not mandatory. *Bizik v. Bizik*, 753 N.E.2d 762, 769 (Ind. Ct. App. 2001), *trans. denied*. However, the trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances of the case. *Clokey*, 956 N.E.2d at 718.

In determining whether a trial court has abused its discretion in a spousal maintenance determination, this court will presume that the trial court properly considered the applicable statutory factors in reaching its decision. *Bizik*, 753 N.E.2d at 769. Those factors are 1) the spouse's physical or mental incapacity; 2) which incapacity materially impairs the spouse's self-supporting ability. *See* I.C. § 31-15-7-2(1). The Decree contained the following relevant special findings: 1) Brenda was injured in 1988; 2) that injury was exacerbated by two subsequent automobile accidents; 3) Brenda's pain includes herniated discs in her back and neck, degenerative disc disease, as well as carpel tunnel syndrome; 4) "[a]s a result of her physical issues, [Brenda] experiences severe pain and cannot sit, stand, walk or look down for long periods of time;" 5) her vocational expert testified that he believed Brenda's ability to "financially support her[self] is materially impaired;" 6) Brenda's physical limitations prevented her from working after receiving her accounting degree in 1997; 7) Brenda had received disability payments from General Motors since 1988 "and currently receives $600.00 per month;" and 8) Brenda "has physical limitations and has been out of the workforce since 1988." (Appellant's App. pp. 15-16). These special findings establish that Brenda has a physical

9

incapacity and that such incapacity materially impairs her ability to support herself. The special findings therefore authorize an award of incapacity maintenance under I.C. § 31-15-7-2(1).

The majority attempts to downplay the significance of the special findings by characterizing the trial court's "acknowledgement" of vocational expert testimony as mere recitation of evidence rather than a finding. However, even without this finding, the remaining special findings authorize an award of incapacity maintenance. The majority acknowledges this infirmity by citing the familiar refrain that it might have reached a different conclusion on the same evidence. This misses the point. "The essential inquiry is whether the incapacitated spouse has the ability to support himself or herself." *McCormick v. McCormick*, 780 N.E.2d 1220, 1224 (Ind. Ct. App. 2003). Although the trial court awarded Brenda a majority of the marital estate and later cited Brenda's receipt of disability payments in support of its denial of incapacity maintenance, it made no explicit finding on how these relate to her self-supportive ability.

In light of these special findings and without a determination of the effect of such disability payments on Brenda's ability to support herself, I cannot conclude that the trial court properly exercised its discretion to deny Brenda an award of incapacity maintenance when its special findings would otherwise authorize an award. *See Cannon*, 758 N.E.2d at 527. Thus, the trial court's denial of incapacity maintenance under these circumstances was contrary to law and an abuse of discretion. I would therefore remand to the trial court with instructions to determine the propriety of Brenda's request for incapacity maintenance.