**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CASEY D. CLOYD**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MERLE B. ROSE**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NANCY KRIEL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1304-DR-195 |
| | ) | |
| RICHARD KRIEL, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1109-DR-35891

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Nancy Kriel appeals the denial of her request for an award of incapacity maintenance. As the trial court did not abuse its discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

Nancy and Richard Kriel were married in 1981 and Nancy petitioned for dissolution in 2011. Until 2004, both worked outside the home, but Nancy stopped because of chronic back and leg problems. Nancy received social security disability payments and had long-term disability insurance coverage from a former employer. At the time of the final dissolution hearing on March 1, 2013, her net income from those sources was $2,056.49 per month. Richard lost his job in 2009 and returned to school. He obtained a bachelor's degree in 2011 and found work in 2012. At the time of the final hearing his net monthly income was $2,819.60.

Nancy asked for an incapacity maintenance order, which the trial court denied. It noted her net income was sufficient to meet her personal needs, she had been able to maintain the mortgage payments on the marital residence, and she had medical insurance. It determined she "does not meet the statutory restrictions for maintenance." (App. at 13.)

## DISCUSSION AND DECISION

The trial court did not abuse its discretion in declining to award maintenance. Ind. Code § 31-15-7-2 provides in pertinent part:

> A court may make the following findings concerning maintenance:
> (1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

2

The trial court's decision whether to award maintenance is wholly within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances of the case. *Augspurger v. Hudson*, 802 N.E.2d 503, 508 (Ind. Ct. App. 2004). The presumption that the trial court correctly applied the law in deciding whether to award spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal. *Id.*

The language of the statute indicates a maintenance award is not mandatory, even if a trial court finds a spouse's incapacity materially affects her self-supportive ability. *Bizik v. Bizik*, 753 N.E.2d 762, 769 (Ind. Ct. App. 2001), *trans. denied.* Still, where a trial court finds a spouse is physically or mentally incapacitated[1] to the extent that the ability of that spouse to support herself is materially affected, the trial court "should normally" award incapacity maintenance. *Cannon v. Cannon*, 758 N.E.2d 524, 527 (Ind. 2001).

Our legislature has evinced "a clear legislative intent to retain fairly strict limits on the power of courts to order maintenance without the consent of the parties." *Voigt v. Voigt,* 670 N.E.2d 1271, 1277 (Ind. 1996). As such an award is designed to help provide for a spouse's sustenance and support, the essential inquiry is whether the incapacitated spouse has the

---

[1] Nancy asserts "The trial court's first error was that it did not find Nancy incapacitated." (Appellant's Br. at 6.) But Nancy directs us to no such explicit finding regarding her incapacity *vel non*, and we can find none. Rather, its decision was premised on her ability to satisfy her personal needs or obligations despite her medical issues. We therefore decline to address that allegation of error.

Nancy then asserts "The trial court's second error was applying the doctrine of necessities." (*Id*. at 12.) The trial court explicitly found "the doctrine of necessities *does not apply*," (App. at 12) (emphasis added), and it did not in fact apply that doctrine.

3

ability to support himself or herself. *Alexander v. Alexander*, 980 N.E.2d 878, 881 (Ind. Ct. App. 2012). We will not reverse a judgment merely because we might have, on the same evidence, reached a different conclusion. *Id*.

As there was evidence before the trial court that Nancy could support herself, we cannot find an abuse of discretion. The statute creates a "flexible standard" that allows a trial court to consider whether any incapacity significantly affects a spouse's ability to support herself. *In re Marriage of Dillman,* 478 N.E.2d 86, 88 (Ind. Ct. App. 1985). The trial court heard evidence Nancy has medical coverage from a prior employer and was on Medicare; she had been paying the mortgage on her house without any contribution by Richard; she received Social Security disability payments; and she had a net income over $2,000.00 per month. In light of the trial court's broad discretion in applying this "flexible" standard, we cannot find an abuse of discretion in the trial court's decision not to award Nancy incapacity maintenance. *See*, *e.g*., *Bizik*, 753 N.E.2d at 769 (a maintenance award is not mandatory even if a trial court finds a spouse's incapacity materially affects her self-supportive ability). We accordingly affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.