## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2018, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy L. Kelley
Glaser & Ebbs
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Steven T. Fulk
Fulk & Associates L.L.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christine Jarrett,

*Appellant-Respondent,*

v.

Christopher Jarrett,

*Appellee-Petitioner*

March 29, 2018

Court of Appeals Case No. 49A02-1705-DR-1092

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No. 49D14-1407-DR-24709

**May, Judge.**

[1] Christine Jarrett appeals the denial of the motion to correct error she filed following the trial court's final decree dissolving her marriage to Christopher Jarrett. Christine asserts the trial court abused its discretion by refusing her

requests at trial and in the motion to correct error for spousal maintenance and attorney's fees.

[2]     We affirm.

# Facts and Procedural History[1]

[3]     Christine and Christopher married on August 9, 2009. They both worked at AT&T at that time. The parties had no children. The parties separated in May 2014. On July 23, 2014, Christopher filed a petition for dissolution. Christine filed a cross-petition on October 2, 2014. In her cross-petition, Christine requested spousal maintenance and attorney fees. The trial court set several preliminary hearings, but all were continued. On April 5, 2016, December 16, 2016, and January 26, 2017, hearings were held on Christopher's Motions for Rule to Show Cause. However, no preliminary hearings were held regarding Christine's requests. The final hearing was held on February 21, 22, and 23, 2017.

[4]     Christine worked at AT&T until January 2013.[2] However, she resigned and worked only sporadically afterward. She worked for short periods of time at a

---

[1] We remind both counsel of their duty to follow the Indiana Appellate Rules. Indiana Appellate Rule 46(A)(6) requires the statement of facts be "stated in accordance with the standard of review appropriate to the judgment or order being appealed." Indiana Appellate Rule 46(A)(6)(c) requires the statement of facts "shall be in narrative form and shall not be a witness by witness summary of the testimony." *See also* Ind. App. R. 46(B) ("appellee's brief shall conform to Section A of this rule . . .").

[2] Evidence was presented Christine was on short term disability from AT&T prior to her resignation.

community action coalition[3] and a collection agency. In 2014, after Christopher had vacated the marital residence, Christine put a post on Facebook indicating she was employed at Toyota. In an interrogatory answer, Christine indicated she had worked for Toyota but was precluded from keeping the job because of her health issues. Early in 2016, Christine worked for a short period of time at Xerox but resigned when her disability benefits were approved in May 2016. Throughout the marriage and the pendency of the divorce, Christine also pursued an EEOC claim against AT&T and worked to advance her adult son's music career.

[5] In 2012, Christine applied for disability benefits from the Social Security Administration. Her claim was denied at least once. On appeal, her benefits were approved on May 10, 2016, retroactive to July 1, 2012. The Social Security Administration found Christine was disabled due to "history of headache disorder, visual defect, restless leg syndrome, atypical chest pain, carpal tunnel syndrome, and back problems; obesity; personality disorder; depression; and anxiety[.]" (Ex. Vol. V at 75.)

[6] Christopher vacated the marital residence in July 2014. At that time, he ceased paying the bills for the residence. Subsequently, the house was foreclosed upon, and Christine moved in with family members.

---

[3] According to Christine, this coalition helped low income people pay their utility bills.

[7] On March 29, 2017, the trial court entered findings of fact and conclusions of law dissolving the marriage. Within its findings that "no real property debt or asset[ ] exists in the marital estate to be divided," (App. Vol. II at 18), the trial court found that although Christine was approved for disability benefits, it was not convinced she was entitled to spousal maintenance. Specifically, the trial court found

> the Court is not convinced beyond a preponderance of the evidence that Wife is materially affected. There is conflicting evidence about whether Wife has been working while on disability. Furthermore, Wife's testimony has not been entirely credible. The Court does not find that spousal maintenance is necessary and therefore declines to order same.

(*Id*. at 22-23.)

[8] As to attorney's fees, the trial court found it had earlier found Christine "in contempt for willful failure to respond to requested discovery and entered sanctions including an award of attorney['s] fees." (*Id*. at 23.) Other than the contempt sanctions, both parties were ordered to cover their own attorney's fees.

[9] On April 27, 2017, Christine filed a motion to correct error alleging the trial court erred when it denied her request for spousal maintenance and attorney's fees. She alleged the trial court's order was not supported by the evidence and the testimony. In her motion she argued both parties had testified as to her work history and her Exhibit C was entered into evidence without objection. Exhibit C was a document filled out by Christopher for the Social Security

Administration. Within that document Christopher had documented his impressions of Christine's ability to work and care for herself. Christopher had stated, amongst other things, Christine "cannot stay focused to pay attention during conversation [sic] or to pay attention to detail to complete tasks on time or properly." (Ex. Vol. V at 65.) Additionally, Christine testified she had been unable to maintain meaningful employment since July 2012. Christine asserted that this evidence, together with evidence of Christopher's income, showed she was entitled to spousal maintenance.

[10] As to the attorney's fees, Christine asserted the trial court did not enter findings of fact or conclusions of law as to whether it considered the resources of the two parties or their ability to engage in gainful employment when it denied Christine's request for attorney's fees. Christine argued she should have been awarded attorney's fees because the parties' incomes were substantially disparate. The trial court denied her motion on May 1, 2017.

# Discussion and Decision

[11] Christine appeals the trial court's denial of her requests for spousal maintenance and attorney fees. She asserts the trial court abused its discretion when it denied her requests at trial and in her motion to correct error. We review a trial court's grant or denial of a motion to correct error for an abuse of discretion. *Inman v. Inman*, 898 N.E.2d 1281, 1284 (Ind. Ct. App. 2009). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances that were before the court. *Id*. Determining whether

the court abused its discretion when it denied the motion to correct error requires we review the propriety of the trial court's underlying judgment. *In re Guardianship of M.N.S.*, 23 N.E.3d 759, 766 (Ind. Ct. App. 2014).

[12] We note the record does not reflect that either party asked the trial court to enter findings pursuant to Indiana Trial Rule 52.[4] Nevertheless, the trial court entered a number of findings *sua sponte* as authorized by the Rule. When a general judgment is entered with findings, we will affirm it if it can be sustained on any legal theory supported by the evidence. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). Findings will be set aside only if they are clearly erroneous. *Id.* A finding is clearly erroneous only if the record contains no facts to support it either directly or by inference, and a judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* Superfluous findings, even if erroneous, cannot provide a basis for reversible error. *Mullin v. Mullin*, 634 N.E.2d 1340, 1341-42 (Ind. Ct. App. 1994).

## Spousal Maintenance

[13] The trial court's decision whether to award maintenance is wholly within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances of the case. *Augspurger v. Hudson,* 802 N.E.2d 503, 508 (Ind. Ct. App. 2004). The presumption that the trial court

---

[4] The parties do not mention whether either party filed a request for findings under Indiana Trial Rule 52. Nor do we find entry of such a filing in the Chronological Case Summary. As such, we presume the court's findings of fact and conclusions of law were entered *sua sponte*.

correctly applied the law in deciding whether to award spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal. *Id.*

[14] Indiana Code § 31-15-7-2 provides, in pertinent part:

> A court may make the following findings concerning maintenance:
>
> (1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

[15] The language of the statute indicates a maintenance award is not mandatory, even if a trial court finds a spouse's incapacity materially affects her ability to support herself. *Bizik v. Bizik,* 753 N.E.2d 762, 769 (Ind. Ct. App. 2001), *trans. denied.* Our Indiana Supreme Court has noted the statute's language evinces "a clear legislative intent to retain fairly strict limits on the power of courts to order maintenance without the consent of the parties." *Voigt v. Voigt,* 670 N.E.2d 1271, 1277 (Ind. 1996). As such an award is designed to help provide for a spouse's sustenance and support, the essential inquiry is whether the incapacitated spouse has the ability to support himself or herself. *Alexander v. Alexander,* 980 N.E.2d 878, 881 (Ind. Ct. App. 2012). We will not reverse a judgment merely because we might have, on the same evidence, reached a different conclusion. *Id.*

[16] Here, the trial court considered the spousal maintenance statute but found it was "not convinced beyond a preponderance of the evidence that [Christine's ability to support herself was] materially affected." (App. Vol. II at 22-23.) The trial court indicated conflicting evidence as to Christine's work history had been presented and that it did not find Christine's testimony to be "entirely credible." (*Id.* at 23.)

[17] At the hearing, evidence indicated Christine had worked a number of places after she resigned from AT&T. Christine testified she had worked for short periods of time at a community action coalition, a collection agency, and Xerox. In a Facebook post, Christine indicated she was working at Toyota, and in discovery, Christine stated she had "tried to work lately with Toyota, but ha[d] not been able to sustain the job because of [her] health." (Ex. Vol. V at 42.) However, at the hearing, Christine denied working for Toyota and stated it was "a fraudulent text. [She] wanted to see if [Christopher] was watching [her] Facebook[.]" (Tr. Vol. IV at 27.)

[18] We cannot say the trial court abused its discretion in denying Christine's request for spousal maintenance after finding the evidence of her work history was conflicting and her testimony was not credible. Christine's arguments are invitations to reweigh the evidence and judge the credibility of the witnesses, which we cannot do.[5] *See In re Paternity of Pickett*, 44 N.E.3d 756, 763 (Ind. Ct.

_____

[5] Christine also points to evidence of her inability to support herself. However, Christine began receiving disability benefits in the latter part of 2016 and then quit her job at Xerox. Christine did not present any

App. 2015) (even if the record has evidence to support a contrary outcome, the appellate court considers the evidence favorable to the trial court's judgment).

## Attorney's Fees

A court "may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees[.]" Ind. Code § 31-15-10-1. We review for an abuse of discretion a decision on attorney's fees in connection with a dissolution decree. *Crider v. Crider*, 15 N.E.3d 1042, 1053 (Ind. Ct. App. 2014), *trans. denied.* When deciding whether to award attorney's fees, trial courts must consider the relative resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and earn adequate income, and other factors that bear on the reasonableness of the award. *Id.*

The legislative purpose behind Indiana Code section 31-15-10-1 is to ensure that a party in a dissolution proceeding is able to retain representation when he or she would otherwise be unable to afford an attorney. *Id.* When one party is in a superior position to pay fees over the other party, an award of attorney fees is proper. *Id.*

The trial court summarily denied Christine's request for attorney's fees, stating only: "Regarding all other hours incurred, the parties shall each bear their own

evidence that she was unable to support herself after she was approved for disability benefits. Thus, we again cannot say the evidence leads us to conclude the trial court abused its discretion.

attorney['s] fees and costs." (App. Vol. II at 23.) Although Christine is correct the trial court did not provide specific findings regarding the factors it considered when it ordered each party to bear its own costs, the trial court had already found conflicting evidence had been presented "about whether [Christine] has been working while on disability[,]" (*id.*), and Christine's "testimony has not been entirely credible." (*Id.*) These findings were sufficient to support the court's decision not to award attorney's fees. *See Stone v. Stone*, 991 N.E.2d 992, 998 (Ind. Ct. App. 2014) (when trial court enters findings *sua sponte*, "specific factual findings control only the issues they cover, while a general judgment standard applies to issues on which there are no findings"), *aff'd on reh'g*, 4 N.E.3d 666 (Ind. Ct. App. 2013).

# Conclusion

[22] The trial court did not abuse its discretion when it denied Christine's requests for spousal maintenance and attorney's fees and, thus, did not abuse its discretion when it denied her motion to correct error. Accordingly, we affirm.

[23] Affirmed.

Vaidik, C.J., and Altice, J., concur.