## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2020, 10:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrea Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Matthew L. Kelsey
DeFur Voran LLP
Muncie, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nancy Jo Coles, <br> *Appellant-Respondent,* <br><br> v. <br><br> Robert Nelson Coles, Jr., <br> *Appellee-Petitioner.* | February 19, 2020 <br><br> Court of Appeals Case No. <br> 19A-DR-2627 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Kimberly S. Dowling, Judge <br><br> Trial Court Cause No. <br> 18C02-1303-DR-130 |

**Najam, Judge.**

## Statement of the Case

[1] Nancy Jo Coles ("Wife") appeals the dissolution court's grant of Robert Nelson Coles, Jr.'s ("Husband's") petition to terminate an award of spousal

maintenance. Wife raises one issue for our review, namely, whether the trial court abused its discretion when it terminated the maintenance payments.

We affirm.

## Facts and Procedural History

On September 29, 2014, the dissolution court dissolved the parties' marriage. At that time, Husband earned $135,000 per year. Wife was disabled and unable to work. Accordingly, the court ordered Husband to pay Wife $2,000 per month in incapacity maintenance for a period of two years. The court also evenly divided the parties' assets.

Wife appealed the dissolution court's order and asserted in relevant part that the court had abused its discretion when it restricted the maintenance payments to two years. *Coles v. Coles*, No. 18A02-1410-DR-767, 2015 WL 3766897, at *2 (Ind. Ct. App. June 16, 2015). On appeal, this Court stated that there is "no dispute" that Wife is "totally and permanently disabled" such that her ability to support herself is materially affected. *Id*. at *3. Accordingly, this Court held that Wife "is entitled to receive spousal maintenance for an indefinite period of time, subject to future modification upon [Husband's] retirement or other changed circumstances." *Id*.

On January 22, 2019, Husband filed a petition to terminate the maintenance payments. In that petition, Husband asserted that the maintenance should be terminated "for [three] separate and independent reasons." Appellant's App. Vol. II at 26. Specifically, Husband asserted that: Wife had received a

"substantial inheritance" from her mother, Wife had started receiving Medicare and social security benefits, and Husband "intends to retire in the near future." *Id.*

[6]     The dissolution court held a hearing on Husband's petition. During the hearing, Husband testified that his current salary is $166,000 but that he could receive up to $194,785.88 if he received a bonus from his employer. He also testified that he is currently collecting $3,559 per month in social security benefits. Husband then testified that he planned to retire soon. But he stated that he was unable to "nail down" a retirement date until the question of maintenance is resolved because his income after retirement will consist only of his social security benefits, which he estimated will be $2,500 or $2,700 per month after taxes. Tr. Vol. II at 9.

[7]     Husband additionally testified that, at the time their marriage was dissolved, Wife had to pay $500 per month in order to receive insurance benefits from Husband's employer. But Husband stated that Wife now receives Medicare benefits and no longer has to pay that monthly insurance premium.

[8]     Wife then testified that she receives $1,025 per month in social security benefits but that her Medicare premium of $134 is deducted from that amount. Wife also testified that she spends $1,323.06 per year on prescriptions plus a premium of $31 per month for her prescription coverage benefits. But Wife stated that, due to worsening health conditions, she has recently been prescribed a new medication that costs $2,330 per shot, which shot she will need to take

twice in the first month and then once each month thereafter. And Wife testified that, in addition to her medical expenses, her living expenses total $4,258.24 per month.

[9] Wife then testified about her inheritance. Specifically, Wife stated that she had inherited an investment account that was currently valued at $848,562.00. Wife also testified that she inherited a lake house, which she estimated was worth between $200,000 and $220,000. In addition, Wife testified that she had received two bank accounts from her mother, which contained a total of $80,000 to $115,000. However, Wife testified that she only withdraws $1,000 per month from her investment account for living expenses because she does not "want to lose the principal at all." *Id*. at 28.

[10] Following the hearing, the dissolution court entered the following findings of fact and conclusions thereon:

> 15. At the time of the dissolution, [Wife] was purchasing COBRA insurance through [Husband's] employer at the approximate cost of $500/mo.
>
> 16. [Wife] began receiving her social security retirement income at age 62 and at age 65 she received Medicare, so she no longer purchases COBRA.
>
> 17. [Wife] receives $1025.00/month from Social Security, less her Medicare premium of $134.00/month.
>
> 18. [Wife's] mother passed away approximately one year ago.

19. [Wife] was the only heir.

20. There was testimony presented by [Wife] that her mother intended to leave some property to the adult child of the parties. However, her mother never completed the changes to her will and all of the property was left to [Wife].

21. [Wife] received an investment account, her mother's home which has been sold, and a van which has also been sold. All of those proceeds now exist in the investment account and total approximately $850,000.00 as of February 7, 2019. That amount adjusts with the market. [Wife] also inherited a lake house from her mother which she believes is worth approximately $200,000 to $220,000. [Wife] plans to give that property to the parties' child. [Wife] also received two bank accounts from her mother totaling approximately $80,000 to $115,000. The total value of [Wife's] inheritance is approximately $1,160,000.

22. [Wife] receives approximately $1,000.00 per month for living expenses from the investment account.

23. [Wife] is 67 years of age.

24. Both parties agree that [Wife] is completely disabled.

25. [Wife's] prescription costs are $1,323.06 annually and she pays $31/month for Express Scripts.

26. [Wife] has recently been prescribed Cosentyx which is not included in her plan. Her cost is $2,330 per shot after insurance coverage. She will receive two shots the first month and then one each month thereafter.

27. Since the dissolution, Wife's health has worsened. Post dissolution she has had a heart procedure, a stroke, memory recall issues, pacemaker, psoriatic arthritis (Cosentyx prescription), oral surgery, cataract surgeries, depression/anxiety and lung issues.

28. [Wife] believes that costs needed to repair and upgrade her home to accommodate her health issues would be approximately $54,000.00

29. [Wife] believes her monthly expenses (in addition to medical care set out above) are approximately $4,250.00.

30. The Court finds that [Wife's] estimate of her monthly expenses is exaggerated. [Wife] included sums such as $600.00 monthly for food for one person, savings to purchase a new van, $100 monthly for personal care items, $100 monthly for household products, $250 yearly for ten times per year of snow plowing. These are all excessive amounts.

31. [Wife] alleges that she is unable to afford her expenses because she does not want to spend any of the principal of her inheritance.

32. The Court finds that [Wife's] position is unreasonable.

33. The Court finds that there has been a substantial and continuing change of circumstances such that the prior order of maintenance is unreasonable. While [Wife's] health has deteriorated since the maintenance order, her financial position has changed substantially and to the point that she is able to now support herself.

Appellant's App. Vol. II at 44-45. Based on those findings, the dissolution court terminated the maintenance order. This appeal ensued.

## Discussion and Decision

[11] Wife appeals the dissolution court's order granting Husband's petition to terminate the spousal maintenance award. As the Indiana Supreme Court has previously stated:

> Trial courts have broad discretion in ruling on petitions to modify maintenance, and we will reverse their decisions only for abuse of discretion. That is, we review whether the decision is clearly against the logic and effects of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom; whether the court misinterpreted the law or disregarded evidence of factors listed in a controlling statute; or whether it applied the wrong legal standard to properly found facts.

*Gertiser v. Gertiser (In re Marriage of Gertiser)*, 45 N.E.3d 363, 368-69 (Ind. 2015) (quotation marks and citations omitted).

[12] Further, where, as here, the dissolution court enters findings of fact and conclusions thereon, we

> shall not set aside the findings or judgment unless clearly erroneous and shall give due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses. Rather, we look only to whether the evidence supports the findings, and then whether the findings support the judgment, without reweighing the evidence or reassessing witness credibility. The findings are controlling unless the record contains no facts to support them

either directly or by inference. Legal conclusions, though, are reviewed *de novo*.

*Id.* (quotation marks and citations omitted).

In Indiana, a trial court can award spousal maintenance under "three narrow circumstances—incapacity, caregiver, or rehabilitative." *Alexander v. Alexander*, 980 N.E.2d 878. 880 (Ind. Ct. App. 2012). Here, the dissolution court awarded incapacity maintenance to Wife, which requires "both a physical or mental *incapacity* and a resulting financial *necessity*." *In re Marriage of Gertiser*, 45 N.E.3d at 367 (emphases in original).

Once a court enters an order for spousal maintenance, that order can be modified only "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable[.]" Ind. Code § 31-15-7-3(1). Our Supreme Court has recently stated:

> In *Haville v. Haville*, we accepted that statutory language at face value—observing in a footnote that the statute "expressly declares that provisions of an order for maintenance authorized by statute 'may be modified or revoked' upon specified grounds, one of which is 'a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.'" 825 N.E.2d 375, 378 n.2 (Ind. 2005). Nothing in that statutory language limits the "circumstances" to the incapacity itself. To the contrary, it permits revocation under precisely the same terms as modification—when the award has become unreasonable under the circumstances.

*In re Marriage of Gertiser*, 45 N.E.3d at 376-68.

[15] As a "practical matter" though, that standard is "more daunting" for revoking a maintenance order rather than merely modifying it, especially where, as here, the underlying incapacity is permanent. *Id*. at 368. For a modification, the opportunity remains open for future modifications, so "it is enough to show that the changes are 'substantial and continuing' enough to make the existing award unreasonably excessive or inadequate[.]" *Id*. But because revoking an award means extinguishing it forever, "it necessarily entails proving that the change is 'so substantial and continuing' that the very *existence* of the award has become unreasonable—not only in the present, but under any reasonably foreseeable future circumstances as well." *Id*. (emphasis in original).

[16] On appeal, Wife contends that the dissolution court abused its discretion when it terminated the maintenance award because the parties' financial circumstances have not changed so substantially or continuing as to make the existence of the award unreasonable. Specifically, Wife contends that Husband's income has increased since the court dissolved their marriage while her earning capacity has remained the same, that Husband has been unable to establish a date for retirement, and that his "future financial income is too speculative and incomplete" to support the termination of the maintenance award. Appellant's Br. at 14. Wife further contends that, while she received an inheritance from her mother, her inheritance "is not sufficient to support her for the rest of her life" because her condition has worsened such that she "will need certain services" that "may be more expensive" and because the investment account is subject to market fluctuations. *Id*. at 19, 21.

[17] We acknowledge that Wife is totally and permanently disabled and that her condition has worsened since the dissolution of the parties' marriage. However, as discussed above, "our role is not to reweigh the evidence or substitute our judgment for the court's." *In re Marriage of Gertiser*, 45 N.E.3d at 369. Rather, our role is "only to determine whether the evidence supports the findings and whether those findings support the judgment." *Id*.

[18] Here, Husband testified that he would like to retire "soon" but that he could not "nail down" a retirement date until the issue of maintenance had been resolved. Tr. Vol. II at 9. Specifically, Husband testified that his income after retirement will only consist of his social security benefits, which he estimated to be $2,500 to $2,700 per month after taxes.[1]

[19] The evidence further demonstrates that Wife's financial position has also changed. Indeed, Wife inherited $1,160,000 from her mother in the form an investment account, two bank accounts, and a lake house. Additionally, since the date of the dissolution decree, Wife has begun receiving social security and

---

[1] Wife briefly states that Husband "was awarded seven separate retirement accounts in the dissolution." Appellant's Br. at 14. However, the parties did not present any evidence of Husband's retirement accounts during the hearing on Husband's petition to terminate spousal maintenance. Further, Wife makes no argument on appeal that the court erred when it did not consider Husband's retirement accounts in terminating the maintenance order.

Medicare benefits, which means she is no longer required to pay $500 per month for insurance coverage through Husband's employer.[2]

[20] The evidence supports the dissolution court's findings, and the findings support the conclusion that there has been a change of circumstances so substantial and continuing that the existence of the maintenance order has become unreasonable.[3] *See In re Marriage of Gertiser*, 45 N.E.3d at 368. Accordingly, the trial court did not abuse its discretion when it granted Husband's petition to terminate the spousal maintenance payments. We affirm the dissolution court's order.

[21] Affirmed.

Vaidik, J., and Tavitas, J., concur.

---

[2] Wife also asserts that her inheritance is not enough to preclude "all foreseeable need" for future spousal maintenance payments because her inheritance will only last for twenty-one years since her living expenses are $54,000 per year. However, the dissolution court found that Wife's estimate of her living expenses was "exaggerated" and "excessive." Appellant's App. Vol. II at 45. And it is not our role to substitute our judgment for the dissolution court's. *See In re Marriage of Gertiser*, 45 N.E.3d at 369.

[3] Wife contends that the court erred when it terminated the maintenance award because the dissolution court's original equal division of the property was premised on Wife receiving spousal maintenance. However, the dissolution court did not contemplate an indefinite period of maintenance when it divided the property equally. Rather, the court only awarded maintenance to Wife for a period of two years when it divided the marital assets.